

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
NORTHERN DIVISION

TONY AND KAYLA LINDSEY
ON BEHALF OF THEIR MINOR SON,
T.L.                                                                                          PLAINTIFFS

V.                                                                          CAUSE NO.: 3:17-cv-808 TSL-RHW

RANKIN COUNTY SCHOOL DISTRICT
and "JANE" PINNIX in her official
and individual capacity, and JOHN DOES 1-5                       DEFENDANTS

---

## COMPLAINT
(Jury Trial Demanded)

---

COMES NOW, Tony and Kayla Lindsey On Behalf of their minor son, T.L., and files this, their Complaint against Rankin County School District (hereinafter "Defendants"), and allege the following:

### PARTIES

1. Plaintiffs Tony and Kayla Lindsey are the parent of T.L., a minor. Plaintiff are adult resident citizens of Mississippi, residing at 7021 Highway 225, Brandon, Mississippi 39047.

2. Defendant is a public school district in Rankin County, Mississippi with a principle place of business at 1220 Apple Park Place, Brandon, Mississippi 39042. It may be served with process of this court by and through its superintendent, Sue Townsend, at 1220 Apple Park Place, Brandon, Mississippi 39042.

3. Defendant "Jane Pinnix" is a teacher at Rankin County School District, and may be served with process at 1220 Apple Park Place, Brandon, Mississippi 39042.

4. Defendants John Does 1-5 are unknown individuals or entities who are liable for the tortious acts described in this Complaint. The John Doe Defendants also include any of Defendant Rankin County School District's employees, agents, independent contractors, or representatives who are liable to Plaintiffs for the tortious acts described in this Complaint.

## JURISDICTION and VENUE

5. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983, and The Mississippi Tort Claims Act, Miss. Code Ann. §11-46-9, et. al and includes any and all federal law claims plead herein for which jurisdiction and venue are attached.

6. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

7. At all times relevant herein, Plaintiff T.L. was a senior student at Northwest Rankin High School in the Rankin County School District, under the supervision of a substitute teacher, "Jane" Pinnix, 11th grade Principal Keith Fennell, and 12th grade Principal Keith Buchanan.

8. On or about April 7, 2017, Plaintiff T.L. was being harassed by a white classmate in the presence of his substitute teacher, Ms. "Jane" Pinnix. T.L. instructed this

white student to "back off or he would lay him out." After T.L.'s comment, Ms. Pinnix got involved and told the white student to "let T.L. hit him so that they could **hang** him."

9. Subsequent to the incident, T.L.'s parents, Plaintiffs Tony and Kayla, were contacted by 11th grade Principal, Mr. Keith Fennell, who confirmed the comments made by Ms. Pinnix and informed the parents that the entire incident was caught on video surveillance. Mr. Fennell further informed the parents that Ms. Pinnix had been suspended for a mere 2 days, but she was allowed to return to work thereafter.

10. At the time of the subject incident, Mr. Matt Buchanan was the 12th grade Principal, but he was not present on the campus of Northwest Rankin High School at the time of the subject incident. As a result, T.L. suffered emotional and mental pain and suffering.

11. At all times mentioned above, Ms. "Jane" Pinnix, Mr. Matt Buchanan, and Mr. Keith Fennell were employees of the Rankin County School District.

## COUNT ONE
### MISSISSIPPI TORT CLAIMS ACT VIOLATION

12. Plaintiffs incorporate the above numbered paragraphs as if fully set forth herein.

13. Defendants are liable to Plaintiffs for their acts and omissions under the *MTCA*. They owed a ministerial duty of strict supervision to the minor child and their actions do not fall under any of the immunity provisions of the *MTCA*.

14. As a direct and proximate result of their said acts or omissions, Plaintiffs suffer and will continue to suffer injuries and emotional pain and suffering, for which Defendants are liable.

## COUNT TWO
## NEGLIGENCE PER SE

15. Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

16. As alleged herein, on April 7, 2017, Plaintiff T.L. was a student at Northwest Rankin High School in a class under the supervision of teacher Ms. "Jane" Pinnix. Plaintiff T.L. was harassed by a white classmate and Ms. "Jane" Pinnix negligently failed to properly manage the supervision of her students and failed to accurately report the incident to administration. At all times, Defendants were responsible for the safety of their students, specifically Plaintiff T.L.

17. Pursuant to §11-27-43 of Mississippi Code Annotated, Defendants breached their duty owed to Plaintiffs and proximately caused Plaintiffs' injuries.

18. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT THREE
## GENERAL NEGLIGENCE

19. Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

20. Plaintiffs allege that the Defendants breached their duty of ordinary care and proximately caused Plaintiffs' injuries.

21. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT FOUR
### INTENTIONAL / NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

22. Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

23. Plaintiffs allege that Defendants intentionally, negligently and with reckless disregard inflicted extreme emotional distress upon their minds, spirits, and bodies. By condoning and/or ratifying the acts of the teachers involved, Defendants have caused Plaintiffs to suffer from emotional problems and mental anxiety.

24. As a direct and proximate result of Defendants' negligence, grossly negligent, reckless and/or intentional acts and/or omissions, Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT FIVE
### NEGLIGENT SUPERVISION, HIRING, TRAINING, AND RETENTION OF THE TEACHERS INVOLVED

25. Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

26. Defendants acted in gross negligence and/or reckless disregard in failing to monitor the actions of the students and teachers. Defendants further negligently, grossly negligently, and/or in reckless disregard, failed to train and discipline the aforementioned employees, Mr. Matt Buchanan, Mr. Keith Fennell, and Ms.

"Jane" Pinnix to properly protect and monitor the students, specifically Plaintiff T.L. and other similarly situated individuals. Defendants negligently, grossly negligently, and/or in reckless disregard failed to properly follow and/or apply their own school policies and procedures and failed to supervise the actions of its employees.

27. Defendant School District knowingly, recklessly, and negligently failed to adopt and carry out adequate and reasonable policies necessary to instruct, supervise, control, and discipline Defendant Jane Pinnix and John Doe Defendants 1-5. Defendant School District did not properly discharge its duties to Plaintiffs by hiring, retaining, and failing to properly train and supervise its employees and agents Jane Pinnix and John Does 1-5.

28. As a direct and proximate result of the Defendants' negligence, grossly negligent, reckless and/or intentional act and/or omissions, Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT SIX
## RACE DISCRIMINATION

29. Plaintiffs re-allege and incorporate each and every preceding paragraphs as if fully set forth herein.

30. Based on rights under §1983 civil rights laws as well as under the 14th Amendment to the United States Constitution, which guarantees due process and equal protection under the law, Defendants' employees deliberately and intentionally singled out Plaintiff T.L. based on his appearance, depriving him of

the right as other students to be a student in Ms. "Jane" Pinnix's class who is not harassed.

31. Defendants intentional disregard for academic policies and negligence in treating Plaintiff T.L. different because of the color of his skin, has caused him and his parents continued discomfort and pain.

32. Defendants have breached their duty as an educational institution and as academic instructors by subjecting Plaintiff T.L. to a hostile and inappropriate environment restricting his ability to learn and develop. Said policies should have no place within an academic setting.

33. As a direct and proximate result of Defendants' unlawful and discriminatory conduct toward Plaintiff T.L., Plaintiffs have suffered tremendous emotional distress.

34. Defendants' discriminatory practices, insults, contempt, and disdain have been demeaning to Plaintiff T.L. and have caused him to suffer deep pain, humiliation, anxiety, and emotional distress.

35. The unlawful actions of Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiffs.

## DAMAGES

36. Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

37. As a consequence of the foregoing misconduct of Defendants, Plaintiffs sustained pain and suffering, great mental stress, depression, insomnia, shock and humiliation.

38. As a consequence of the foregoing conduct of Defendants, Plaintiffs have damages in an amount exceeding the jurisdictional requirements of the Court.

39. Pursuant to Mississippi Code Annotated §15-1-36 and 11-46-1 et seq., Defendants were given prior notice of Plaintiffs' intent to sue.

## RELIEF

40. Plaintiffs request that the Court issue the following relief:

    a. Award Plaintiffs compensatory and punitive damages for all the mentioned causes of action in an amount to be determined by a jury of his peers;

    b. Award Plaintiffs attorneys' fees, costs and expenses of litigation; and

    c. Award such other relief to which Plaintiffs may be entitled to under law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against Defendants in an amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including attorneys' fees, plus pre-and post-judgment interest, and for any other relief which this Court deems just and proper.

Respectfully submitted, this the 29th day of September, 2017.

TONY AND KAYLA LINDSEY,
Et al., PLAINTIFFS

By: _Carlos E. Moore_
Carlos E. Moore, MSB# 100685

                                                        **Michael S. Carr, MSB# 102138**

OF COUNSEL:

**TUCKER | MOORE GROUP, LLP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com

**CARR LAW FIRM, PLLC**
301 W Sunflower Rd. Suite D
Cleveland, MS 38732
Tel: (662) 441-1LAW
Email: mcarr@carrlawpllc.com